IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES M. BALSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-97J |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM JUDGMENT ORDER</u>

AND NOW, this 15th day of August, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his pending application for supplemental security income on March 25, 2002, alleging a disability onset date[1] of August 21, 1988, due to severe pain in his rotator cuff, low back, neck, hand, right leg and foot. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on April 4, 2003, at which plaintiff, represented by counsel, appeared and testified. On May 27, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On March 26, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 40 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Plaintiff completed the eleventh grade, which is classified as a limited education. 20 C.F.R. §416.964(b)(3). Plaintiff has past relevant work experience as a river guide and construction laborer but has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing

---

1. At the hearing, plaintiff agreed through his counsel to amend his onset date to March 25, 2002. (R. 197).

testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments[2] of cervical/lumbosacral sprain syndrome, a herniated disc at L4-L5 with observation for lumbar radiculitis, status post rotator cuff repair with bicipital tendonitis of the right shoulder, intercostal neuralgia and headaches, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in a range of sedentary work with certain restrictions recognizing the limiting effects of his impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including surveillance system monitor, inspector/checker, sorter, waxer and assembler. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he nevertheless is capable of making an adjustment to work which exists in significant numbers in the national economy.

---

2. The ALJ further found that plaintiff's depression is a non-severe impairment (R. 29-30), a finding not contested by plaintiff in this appeal.

Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age,

education, work experience, and residual functional capacity. 20 C.F.R. §416.920. See also Newell, 347 F.3d at 545-46.

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that the ALJ erred in evaluating the medical evidence in assessing plaintiff's residual functional capacity. Upon a review of the record, the court finds plaintiff's position to be both factually inaccurate and otherwise without merit.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Here the ALJ found that:

> [Plaintiff] has the residual functional capacity to perform the physical exertion and non-exertional requirements of work except for work above the sedentary exertional level, work that requires more than occasional walking and standing, two hours out of an eight-hour day, work that requires more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing, work that does not afford the option to sit and stand during the workday at will, work that requires more than occasional fine fingering, gross handling, reaching, feeling, pushing and pulling with the right upper extremity, to include the operation of hand

>   levers, and work that requires overhead reaching.

(R. 19).

Plaintiff's sole argument before this court is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ erred in according greater weight to an opinion from a non-examining state agency physician, Dr. K. Loc Le, than to the reports from plaintiff's treating physician, Dr. John K-S Lee, a pain management specialist. According to plaintiff, Dr. Lee's reports compel a finding of disability and are supported by the findings of Dr. Go, a consultative examiner, Dr. Barua, an independent medical examiner, and plaintiff's physical therapists, with only Dr. K. Loc Le's opinion contrary to a finding of disability. Accordingly, plaintiff contends that Dr. Lee's opinion that he is disabled is entitled to controlling weight. The record, however, belies plaintiff's contention.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); <u>Fargnoli</u>, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. <u>Id</u>. When a treating source's opinion is not entitled to

controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's decision not to accord controlling weight to Dr. Lee's suggestion that plaintiff is disabled for a number of reasons.

First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §416.927(e); SSR 96-5p. Here, based upon his review of the _entire_ record, including all of the medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing _any_ substantial gainful activity.

Moreover, as the ALJ noted, any findings from Dr. Lee suggesting disability are inconsistent with the overwhelming clinical and objective medical evidence of record. In fact, the only arguable basis for a conclusion of disability found in Dr. Lee's records is the results of numerous tests that Dr. Lee conducted between January 2001 and October 2002 utilizing what is known as the Oswestry pain disability scale and the neck pain disability scale. These test results routinely resulted in pain scores suggesting plaintiff was anywhere from "disabled" to

"severely disabled" to "crippled" to "bedridden".

However, as the Commissioner demonstrates in her brief, these scales were developed to measure a person's <u>perceived</u> disability, and individuals whose scores range from 80-100%, which plaintiff's scores routinely did, are either bedridden <u>or</u> exaggerating their symptoms. Brief of Commissioner at 16. Here, as the ALJ explained, all of the evidence of record, from plaintiff's activities of daily living to his testimony and appearance at the hearing to all of the medical evidence of record, including Dr. Lee's own progress reports, which indicated that plaintiff was making fair to good progress through conservative pain management treatment, establishes that plaintiff certainly is not "bedridden" or "crippled".

Thus, the evidence of record strongly suggests that the scores plaintiff was receiving on the pain scales likely were the result of exaggerated symptoms rather than disabling pain. In fact, Dr. Go, the consultative examiner, indicated in his report that plaintiff's subjective complaints outweighed his objective findings and also noted that plaintiff's pain management "had more or less control of his subjective complaint". (R. 130). Dr. Barua, an independent examiner, was even more blunt, noting his impression that plaintiff's "responses during examination are magnified and very unusual" (R. 173) and that plaintiff's subjective complaints of chronic pain show "symptoms magnification" and that plaintiff "is not motivated to return to any gainful occupation." (R. 176).

Moreover, the pain scale scores are wholly inconsistent with all other test results from all of the examining physicians, including those of Dr. Lee himself. On several occasions, Dr. Lee opined that plaintiff was making good progress with conservative treatment measures. In addition, Dr. Lee's findings on physical examinations, summarized by the ALJ in his decision (R. 14A-16), while showing some reduced range of motion, never showed debilitating symptoms. Likewise, the physical evaluation findings by both Dr. Go and Dr. Barua are inconsistent with a finding of disability. The ALJ summarized both Dr. Go's objective findings (R. 15) and Dr. Barua's objective findings (R. 15-16) in his decision and these findings need not be reiterated here.

Thus, because any suggestion of disability arising from the Oswestry pain disability scale and neck pain disability scale scores contained in the records of Dr. Lee is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving Dr. Lee's reported pain scale scores little weight. 20 C.F.R. §416.927(d); SSR 96-2p.

Furthermore, plaintiff's suggestion that a finding of disability is supported by the reports of either Dr. Go or Dr. Barua is belied by the record. First, there is nothing in Dr. Barua's report which would support a finding that plaintiff is disabled. Although Dr. Barua did report plaintiff's subjective complaint that his lower back pain is aggravated by sitting, standing or walking more than 15 minutes, Dr. Barua himself

indicated his belief that plaintiff was magnifying his symptoms and also notes that plaintiff has "no difficulties with the activities of daily living" and that plaintiff "is able to do most of his household work." (R. 173). Moreover, despite plaintiff's testimony that he cannot sit for more than 15 minutes, Dr. Barua noted that plaintiff drove himself to the appointment and that it took him one hour to get there.

Additionally, to the extent Dr. Go indicated in his medical source statement that plaintiff only could sit 1-2 hours in an 8-hour day, that opinion clearly is contradicted by Dr. Go's own objective findings (R. 129) as well as plaintiff's reported activities of daily living. In fact, Dr. Go's finding in this regard is inconsistent with the statements plaintiff made to him at the examination, when plaintiff said he could sit or stand about 30 minutes at a time and walk two blocks. (R. 127). Plaintiff also reported to Dr. Go that he drives, hunts and goes fishing. (R. 127).

The court believes that the ALJ's residual functional capacity finding, which limits plaintiff to standing/walking no more than 2 hours in an 8-hour workday and which also provides for a sit/stand at will option, adequately accounts for the assessments of Dr. Go and Dr. Barua to the extent those assessments are supported by the objective medical evidence of record and plaintiff's own reported daily activities.

Finally, plaintiff's suggestion that the ALJ improperly adopted the opinion of the non-examining state agency physician,

Dr. K. Loc Le, that plaintiff is not disabled, over the contrary opinions of all other physicians of record is inaccurate. In fact, the ALJ actually did NOT adopt the opinion of Dr. K. Loc Le, who opined that plaintiff could perform medium exertional level work, but instead considered all of the medical evidence and found in his residual functional capacity finding that plaintiff is limited to less than the full range of sedentary work, a finding supported by the objective medical evidence and plaintiff's stated activities of daily living.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The court is satisfied that the ALJ properly considered, evaluated and weighed the medical evidence in rendering this determination and that the ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                        */s/ Gustave Diamond*
                                        Gustave Diamond
                                        United States District Judge

cc: Gregory G. Paul, Esq.
    2500 Gulf Tower
    707 Grant Street
    Pittsburgh, PA 15219

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901